J. M. Stoner & Sons and W. W. Stoner, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The defendant has filed a demand for a jury trial and plaintiff has moved to strike off said demand under Rule No. 39 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The basis of the motion is the assertion that the remedy sought is equitable and not within the province of a jury.

An examination of the complaint discloses that the action is really nothing other than one for breach of a royalty contract. The complaint, it is true, prays for an injunction, but the injunction prayed for is that defendant be restrained from refusing access to its plant to plaintiff's agent. Any information needed for purposes of trial can be obtained by the plaintiff without formal injunction. See Rule No. 34.

The motion to strike off the demand for a jury trial will be denied.

## SHULTZ et al. v. MANUFACTURERS & TRADERS TRUST CO. et al.
### (two cases).
### Nos. 2279, 182.

District Court, W. D. New York.
June 21, 1939.

Jules C. Randal, of Buffalo, N. Y., for plaintiffs.

Babcock, Hollister, Brown & Newbury, of Buffalo, N. Y., for defendants Manufacturers & Traders Trust Co. et al.

Dudley, Stowe & Sawyer, of Buffalo, N. Y., for defendant Sawyer.

Rann, Brown, Sturtevant & Kelly, of Buffalo, N. Y., for defendants George H. Chisholm, et al.

Larkin, Rathbone & Perry, of New York City, and James O. Moore, of Buffalo, N. Y., for other defendants.

KNIGHT, District Judge.

Plaintiffs move to consolidate the above-entitled actions. The parties in both actions are the same. The complaints are based upon the same allegations of fraud and conspiracy. The effect of the consolidation is only to add additional parties. This motion is made pursuant to the provisions of Federal Rules of Civil Procedure, rule 42 (a), 28 U.S.C.A. following section 723c. The actions involve "a common question of law or fact."

Though the facts presented as a basis for this application are most unusual, it seems to me that all the issues can properly be settled in a single suit.

One objection raised is that additional expense may be imposed upon certain of the parties defendant. The suit is in equity, and the court will take into consideration the facts in the allowance of any costs.

It is, also, objected that this motion is improperly brought before the joinder of issue. Issue has been joined in neither suit. Since it appears what the issues are, the motion as now made is not premature. It appears that the two actions involve a "common question of law or fact."

The motion to consolidate is granted.