I approve a policy for consolidation which would serve, practically, to conserve time and expense for the court and the litigants. But I cannot grant a consolidation so visibly rife with potential for an unwieldy proceeding. In sum, it does not appear at this early juncture that consolidation of the five cases would serve the practical purpose implicit in rule 10.3(a), *supra*. However, the trial judge may be in a better position, by virtue of the pleadings and the joinder of issue, or by means of a pretrial conference if deemed advisable, to ascertain whether consolidation is proper. Accordingly, as to those cases listed on attached schedule "B", plaintiff's motion is denied, but without prejudice to a renewal before the trial judge.

Plaintiff has requested that if consolidation is denied, it be allowed ten days within which to file separate complaints in each of the subject appeals for reappraisement. That request is granted respecting the five cases listed in schedule "B".

An order is made and entered herewith in accordance with the above.

(C.R.D. 72–17)

MOREY MACHINERY COMPANY, INC. *v.* UNITED STATES

---

[5] Plaintiff's moving papers and proposed complaint make it clear that there is an issue concerning whether each of the manufacturers freely offered such or similar merchandise for home consumption.

[6] According to plaintiff's moving papers there is an issue respecting whether the imports are such as, or similar to, the machine tools offered in the home market.

(Dated October 6, 1972)

*Busby, Rivkin, Sherman, Levy & Rehm* (*Perla M. Kuhn* of counsel) for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Velta A. Melnbrencis*, trial attorney), for the defendant.

NEWMAN, Judge: Plaintiff has filed a motion for consolidation of 77 appeals for reappraisement involving various machine tools and for permission to serve a single complaint covering the consolidated cases. For the reasons indicated hereinafter, the motion is denied.

Rule 10.3(a) of this court provides:

> **(a) Consolidation:** When actions involving a common question of law or fact are pending before the court, and the parties are the same, the court may order consolidation of the actions or any claims therein.

According to plaintiff's affidavit the common issue running through all of the cases proposed for consolidation is whether the proper basis for appraisement is foreign value, as defined in section 402a(c) of the Tariff Act of 1930, as amended, which is allegedly the basis of appraisement used by the Government,[1] or whether export value, as defined in section 402(b) or 402a(d) of said tariff act, is the proper basis for appraisement, as claimed by plaintiff in its proposed complaint. Plaintiff alleges that there was no foreign value because neither such nor similar merchandise was freely offered for sale for home consumption in the countries of exportation. Another issue asserted to be common to some of the appeals for reappraisement is whether certain radial drills involved therein are on the Final List, T.D. 54521.

Defendant objects to plaintiff's motion on the ground that "the proposed consolidation would in no way provide for an efficient and speedy disposition of the various appeals but for an entirely chaotic, cumbersome, and confusing trial".

In buttressing its argument, defendant points out:

1. The appeals involve merchandise imported from a number of countries, including Italy, Spain, Belgium, West Germany and Japan.

2. At least seven different manufacturers are involved.

3. The appeals cover a wide variety of machine tools differing as to type, size, model and price range.

Plaintiff did not respond to defendant's argument. Moreover an examination of plaintiff's exhibit "A", which is appended to and incorporated by reference into the proposed consolidated complaint, supports defendant's argument. Hence, under the circumstances, consolidation of the 77 appeals is not warranted.

---

[1] In its response to plaintiff's motion, defendant did not dispute that the basis for appraisement in all the cases is foreign value.

If these 77 cases were consolidated for purposes of trial, the proofs submitted concerning one manufacturer's sales or offers would not necessarily be applicable or relevant to those of another manufacturer. For example, plaintiff's evidence might indicate that manufacturer A did not freely offer its machine tools to all purchasers in the home market. But obviously that evidence would not prove that manufacturer B or C similarly did not freely offer its machine tools to all purchasers in the home market.[2] Furthermore, assuming these cases were consolidated, to sustain its burden of proof plaintiff would have to adduce evidence covering each and every type and model of machine tool covered by these appeals. While one type or model of machine tool imported might not be such as, or simliar to, those sold in the home market, another type or model of machine tool imported may be such as, or similar to, those sold in the home market.[3] Finally, the merchandise in these appeals was not only exported by a number of different manufacturers, but was also exported from several different countries. Clearly, the presence or absence of freely offered home market prices in one country has no probative value in the determination of foreign values in other countries. Similarly, the determination of export value is dependent on facts relating to each particular country of exportation.

I approve a policy for consolidation which would serve, practically, to conserve time and expense for the court and the litigants. But I cannot grant a consolidation so visibly rife with potential for an unwieldy and chaotic proceeding. In sum, it does not appear that consolidation of the 77 cases would serve the practical purpose implicit in rule 10.3(a), *supra*. Accordingly, plaintiff's motion is denied.

Plaintiff has requested that if consolidation is denied, it be allowed ten days within which to file separate complaints in each of the subject appeals for reappraisement. That request is granted.

An order is entered herewith in accordance with the above.

(C.R.D. 72–18)

---

[2] Plaintiff's moving papers and proposed complaint make it clear that there is an issue concerning whether each of the manufacturers freely offered such or similar merchandise for home consumption.

[3] According to plaintiff's moving papers, there is an issue respecting whether the imports are such as, or similar to, the machine tools offered in the home market.