(C.R.D. 72–18)

JOHN S. CONNOR, INC. *v.* UNITED STATES

---

(Dated October 6, 1972)

*Busby, Rivkin, Sherman, Levy & Rehm* (*Perla M. Kuhn* of counsel) for the plaintiff.

*Harlington Wood, Jr.,* Assistant Attorney General (*Velta A. Melnbrencis,* trial attorney), for the defendant.

NEWMAN, Judge: Plaintiff has filed a motion for consolidation of four appeals for reappraisement involving certain machine tools (radial drills) and for permission to serve a single complaint covering all of the consolidated cases. For the reasons indicated hereinafter, the motion is granted.

Rule 10.3(a) of this court provides:

> **(a) Consolidation:** When actions involving a common question of law or fact are pending before this court, and the parties are the same, the court may order consolidation of the actions or any claims therein.

According to plaintiff's affidavit the common issue running through all of the cases proposed for consolidation is whether the proper basis for appraisement is foreign value, as defined in section 402a(c) of the Tariff Act of 1930, as amended, which is allegedly the basis of appraisement used by the Government,[1] or whether export value, as defined in section 402(b) or 402a(d) of said tariff act, is the proper basis for appraisement as claimed by plaintiff in its proposed complaint. Plaintiff alleges that there was no foreign value because neither such nor similar merchandise was freely offered for sale for home consumption in the country of exportation (Italy). Another issue asserted to be common to the four appeals for reappraisement is whether the radial drills involved therein are on the Final List, T.D. 54521.

Defendant objects only to consolidation of reappraisement R68/13622 with the other three appeals on the ground that the radial drills in that one case were manufactured by a different manufacturer, and are a different type of radial drill than that covered by the other three cases. Also, defendant argues that the merchandise in R68/13622 was "differently appraised".

Defendant's objection is overruled.

First, defendant offers no explanation respecting what is meant by its statement that the merchandise in R68/13622 was "differently appraised". Consequently, I feel that such ground for objection was not seriously urged.

Second, under all the facts and circumstances, the court perceives no justification for denying consolidation of R68/13622 with the other

---

[1] In its response to plaintiff's motion, defendant did not dispute that the basis for appraisement in all the cases is foreign value.

three appeals on the ground that the radial drills involved therein are a different type from that covered by the other three appeals, or because the manufacturer of the merchandise in the one case is different from the manufacturer of the merchandise in the other three cases.

True, this court has denied motions for consolidation which, if granted, would have required the plaintiff to adduce evidence at the trial concerning several different manufacturers and types of machine tools. However, in those instances the court was persuaded to deny consolidation because of the visibly strong potential for an unwieldy or chaotic proceeding.[2] But here, the court is not so persuaded respecting the single case challenged by defendant. The proposed consolidation comes within—and does not offend—the intent and purpose of rule 10.3(a).

Plaintiff's proposed complaint covering the four appeals for reappraisement shall be deemed filed as of the date of service of an order in conformity with this memorandum. Accordingly, plaintiff's proposed order is signed herewith.

---

[2] See *Ball Machinery Co.* v. *United States,* 69 Cust. Ct. 301, C.R.D. 72–16 (1972) (motion for consolidation denied without prejudice to renewal before trial judge) ; *Morey Machinery Co., Inc.* v. *United States,* 69 Cust. Ct. 303, C.R.D. 72–17 (1972).

