PEG BANDAGE, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 87–12–01184
[Court No. 89–10–00552] [Court No. 90–02–00072]

(Dated May 5, 1992)

*Covington & Burling, (Harvey M. Applebaum, Mark A. Chinen)*, for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, *(Nancy M. Frieden)*, for defendant.

## MEMORANDUM OPINION AND ORDER

GOLDBERG, *Judge:* The court *sua sponte* consolidates Court No. 87–12–01184, previously designated a test case, with Court Nos. 89–10–00552 and 90–02–00072, previously suspended under that test case. The actions will henceforth be entitled Consolidated Court No. 87–12–01184.

### BACKGROUND

Plaintiff, an American corporation, manufactures and imports elastic bandages. Plaintiff contends that its bandages were manufactured using raw materials of United States origin, and processed within the customs territory of the United States. It asserts that the completed elastic bandages were sent to Haiti for minor additional finishing, and that this finishing added only three percent to the cost of production of the completed elastic bandage.

On May 27, 1983, plaintiff requested a ruling from the United States Customs Service ("Customs") that the bandages were properly classifiable under Item 806.20, Tariff Schedules of the United States ("TSUS"), as "articles exported for repairs or alterations," and dutiable

at a rate of 10.5 percent. Customs determined that the proper tariff classification of the bandages depended on their "component material in chief value." Specifically, if the component material of the bandages was polyester, they would be properly classified under Item 386.62, TSUS, and dutiable at an increased rate. If the component material of the bandages was cotton, they would be correctly classified under Item 386.50, TSUS, again dutiable at a higher rate.

Plaintiff then requested administrative reconsideration of Customs' ruling, which Customs subsequently denied. On December 29, 1988, plaintiff filed a Complaint in Court No. 87–12–01184, alleging that the bandages were properly classified under Item 806.20, TSUS. Defendant thereafter filed an answer.

On October 29, 1990, plaintiff, through the same counsel, filed a Complaint in Court No. 89–10–00552 which covered subsequent entries of identical merchandise and alleged the same competing TSUS provisions as those in the Complaint in Court No. 87–12–01184. Defendant then filed an answer. Plaintiff filed its last Complaint in Court No. 90–02–00072 on February 22, 1991. It too was substantially similar to the previous complaints.

On June 14, 1991, plaintiff moved to have Court No. 87–12–01184 designated a test case, with Court Nos. 89–10–00552 and 90–02–00072 suspended under that action. In its motion, plaintiff alleged that each case raised the same legal claims and involved the same relevant facts. Each action sought classification under Item 806.20, TSUS, of identical elastic bandages, which had undergone similar processing in Haiti. Defendant did not object to the motion for test case designation and suspension. Plaintiff's motion for test case designation and suspension thereunder was granted.

On April 2, 1992, the court notified both counsel that it was considering consolidation and requested that the parties file objections to the proposed consolidation, if any. Neither of the parties responded to the court's request. The court now determines that the public interest in "just, speedy, and inexpensive determination[s]" of actions will be better served by consolidation instead of test case/suspension procedures. USCIT Rule 1. Moreover, consolidation will enable the court to meet its "responsibility to manage [its] dockets to provide for the efficient and expeditious termination of controversies." *Men's Wear Int'l. Inc. v. United States*, 13 CIT 817 (1989).

## DISCUSSION

USCIT Rule 42 provides guidelines under which the court may consolidate actions. It notes that:

[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

As *Chief Judge* DiCarlo recently noted,

> [f]or actions involving a common question of law or fact, the test case/suspension procedure[1] is an available alternative to procedures permitting consolidation of actions under USCIT R. 42(a). Both consolidation and the test case/suspension procedures serve to achieve economies of time, effort and expense, and to promote uniformity of decisions.

*Generra Sportswear, Inc. v. United States*, 16 CIT 313, Slip Op. 92–62 at 4 (1992).

The court understands from *Generra* that when actions involving a common question of law or fact are pending before the court, the court may determine which procedure—consolidation or test-case/suspension—will best avoid unnecessary costs or delays.

The criteria used by Judge Newman in *Morey Machinery Co., Inc. v. United States*, 69 Cust. Ct. 303, 305, 349 F. Supp. 1017 (1972) in denying a motion to consolidate 77 cases, provides useful guidance in choosing between the two alternative procedures:

> I approve a policy for consolidation which would serve, practically, to conserve time and expense for the court and the litigants. But I cannot grant a consolidation so visibly rife with potential for an unwieldy and chaotic proceeding.

Similarly, as indicated in *Generra*, consolidation is not appropriate when the actions are so numerous "that consolidation will complicate discovery, make trial preparation overly burdensome and strain the court's judicial resources with a trial of several months duration." *Generra*, Slip Op. 92–62 at 8.

The court finds that the criteria contra-indicating consolidation in *Generra* and *Morey Machinery* are not implicated in the cases now before the court. A trial, and preparation for a trial, will not be unduly burdensome because the three actions involve identical parties, counsel, legal claims, and imported merchandise. Only five protests were filed in the three cases, which collectively involve approximately thirty-one entries. San Juan, Puerto Rico is the port of entry in each case. Moreover, the parties did not object when notified of the court's intention to consolidate. Therefore, the court follows the approach taken in *Nichols & Co. Inc. v. United States*, 80 Cust. Ct. 26, 447 F. Supp. 455 (1978), *aff'd*, 586 F.2d 826 (1978). There, as here, the court *sua sponte* consolidated several actions which were suspended under the same test case. In support of that determination, then Chief Judge Re explained:

> [S]ince all three consolidated cases * * * were suspended under the same test case * * * it is clear that they were all found to involve the same issues of fact or law as in the test case. Thus, the "common question of law or fact" which is necessary for consolidation * * *

---

[1] Pursuant to USCIT Rule 84 (b), an action may become a test case "by order of the court upon a motion for test case designation made after issue is joined." Under USCIT Rule 84 (c), "an action may be suspended under a test case if the action involves an issue of fact or a question of law which is to be the same as an issue of fact or question of law involved in the test case."

has been satisfied. In view of the requisite common question of law or fact existing in these cases, the court consolidates, *sua sponte*, [these actions].

*Nichols & Co. Inc. v. United States*, 80 Cust. Ct. at 30.

Consequently, the court *sua sponte* determines that the public interest in expeditious determination of customs law disputes will best be served by consolidation of these cases rather than by continuing the test case/suspension procedures.

CONCLUSION

Accordingly, it is hereby

ORDERED that Court Nos. 87–12–01184, 89–10–00552, and 90–02–00072 are consolidated under Consolidated Court No. 87–12–01184; and it is further

ORDERED that plaintiff submit a consolidated complaint within 10 days from the date of this order; defendant submit a consolidated answer within 20 days from the date of this order; and that within 20 days from the date of this order, the parties propose a scheduling order pursuant to USCIT Rule 16, which provides dates for:

(1) submission of any remaining motions addressed to the pleadings, discovery, or other preliminary matters;

(2) completion of discovery; and

(3) submission of all dispositive motions and requests for trial.