A.T. Clayton & Co., Inc., plaintiff *v.* United States, defendant

Court No. 90–05–00234

(Dated June 11, 1992)

*Serko & Simon (Leibert L. Greenberg)*, for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, *(James A. Curley)* for defendant.

## Memorandum Opinion and Order

DiCarlo, *Chief Judge:* Plaintiff, without objection from defendant, moves pursuant to USCIT R. 84, to designate this action as a test case and to suspend four other actions under it. At issue is whether plaintiff has satisfied the criteria for test case designation and suspension. Based on the facts presented, the court grants plaintiff's motions to designate this action as a test case and suspend the four actions listed on Schedule A under the test case. The court also *sua sponte* suspends eight other actions listed on Schedule B, brought by plaintiff involving the same merchandise and competing tariff provisions, under the test case.

## Background

Plaintiff challenges the classification of certain carbonless copy paper imported from Germany. The Customs Service classified the merchandise as coated writing paper under TSUS item 254.5600 for those entries made on or before December 31, 1988. For entries made thereafter, Customs classified the merchandise as self-copy writing paper under HTSUS item 4809.20.20. Plaintiff claims the merchandise is classifiable as other coated paper not specially provided for under TSUS item 254.8020, or other self-copy paper under HTSUS item 4809.20.40, depending upon the date of importation.

After issue was joined, plaintiff, without objection by defendant, filed motions for test case designation and suspension. Plaintiff maintains that "the issues of fact and law are identical* * * to the issues present in at least 435 entries* * * involving [the proposed test case and] seven other cases filed in this Court by plaintiff's attorneys." Plaintiff alleges that the central issue is the proper classification of the carbonless copy paper. The granting of both motions, according to plaintiff, will "serve the interests of judicial economy by relieving the Court and the parties of the burdensome task of trying the same matters repeatedly."

## Discussion

The requirements of the test case/suspension procedure are provided for in USCIT R. 84. In *Generra Sportswear, Inc. v. United States*, 16 CIT

313, Slip Op. 92–62 (Apr. 28, 1992), the court set forth the criteria to be considered in determining the appropriateness of test case designation and suspension.

As in *Generra*, plaintiff's motions here appear to satisfy the requirements of USCIT R. 84 for test case designation and suspension. Nevertheless, in view of the representation of the parties that the issues of fact and questions of law in the four actions were "identical" with the proposed test case, the court asked counsel why consolidation, under US-CIT R. 42(a), was not appropriate for these actions. In addition, the court, in exercising responsibility to manage its docket, identified eight other pending actions filed by plaintiff involving the identical merchandise and competing tariff provisions. *See Men's Wear Int'l, Inc. v. United States*, 13 CIT 817 (1989). Accordingly, the court asked counsel to comment on the appropriateness of consolidating these eight actions with the five actions subject to plaintiff's motions, or alternatively, including them in an order granting suspension.

In response to the court's request, plaintiff states that it is not opposed to consolidation, provided it has adequate time to prepare a consolidated complaint. Plaintiff, however, does point out that the five actions, which are the subject of the motions, involve "a large number of entries" and "arise from several ports of entry." As to the eight other actions, plaintiff acknowledges that they involve the same merchandise and classification issue as the actions in the motions for test case designation and suspension.

The Government asserts that there are 533 entries involved in the 13 actions. Under these circumstances, it argues that the test case/suspension procedure is preferable to consolidation. The Government maintains that consolidation is inappropriate because it would result in "a considerable undertaking" to review each entry to determine the similarity of the merchandise and the existence of jurisdictional defects, if any. With consolidation, the Government claims that it would have to raise jurisdictional defenses on an entry-by-entry basis in its answer. In fact, it raised a jurisdictional defense, which resulted in the severance and dismissal of 25 of the 37 entries in this action. From this, the Government contends that it is "reasonable to assume that there could be hundreds of such entries in the remaining cases" with a similar jurisdictional defect. Lastly, the test case/suspension procedure, in the Government's view, "would obviate the need to undertake additional work on the 533 entries at this time."

Even though the parties agreed to the designation of a test case and the suspension of four actions thereunder, the court has an "independent responsibility to exercise its judicial discretion" in considering plaintiff's motions. *Generra*, 16 CIT at 315, Slip Op. at 6.

In deciding whether test case designation and suspension or consolidation is the appropriate procedure for resolving these cases, the court is guided by the considerations set forth in *Generra* and *PEG Bandage, Inc. v. United States*, 16 CIT 319, Slip Op. 92–63 (May 5, 1992).

Specifically, the court is to determine which of the two alternate procedures will best "serve to achieve economies of time, effort and expense" and "promote uniformity of decisions", *Generra*, 16 CIT at 315, Slip Op. at 4, and whether the test case/suspension procedure or consolidation will "best avoid unnecessary costs or delays", *PEG Bandage*, 16 CIT at 321, Slip Op. at 4.

Consolidation appears to be the preferred procedure when, as a practical matter, it will "conserve time and expense for the court and the litigants." *See PEG Bandage*, 16 CIT at 321, Slip Op. at 5 (*quoting Morey Machinery Co. v. United States*, 69 Cust. Ct. 303, 305, 349 F. Supp. 1017, 1018 (1972)). On the other hand, the test case/suspension procedure is preferable when consolidation poses a "potential for an unwieldy and chaotic proceeding." *Id*. Among other factors to be considered in selecting the preferable procedure are the number of protests and entries involved, the number of ports of entry, and the degree to which either procedure will complicate discovery, burden the parties in trial preparation and strain judicial resources in conducting a trial. *See PEG Bandage*, 16 CIT at 321, Slip Op. at 5.

The court finds that, under the *Generra* criteria, this action is appropriate for test case designation, and that the parties have shown that the four actions in which suspension is sought have the identical question of law in common with the test case. Moreover, they have shown to the court's satisfaction that the entries and ports involved are so numerous that consolidation is impractical in these circumstances. Accordingly, the test case/suspension procedure is the preferable procedure here because it provides an orderly mechanism for the resolution of the actions that share the common issue with the proposed test case.

The court finds that the eight other actions, which it identified, are identical in all material respects to this action (the proposed test case) and the four actions in which suspension is sought. In these circumstances, the promotion of judicial economy and the furtherance of the court's independent responsibility to manage its docket call for the court to *sua sponte* order the suspension of the eight other actions under this action.

Accordingly, it is hereby

ORDERED that plaintiff's motion for test case designation is granted and that Court No. 90–05–00234 is designated a test case; and it is further

ORDERED that plaintiff's motion for suspension is granted and that the actions listed on Schedule A attached to this Memorandum and Order are suspended under Court No. 90–05–00234; and it is further

ORDERED that the actions listed on Schedule B attached to this Memorandum and Order are *sua sponte* suspended under Court No. 90–05–00234; and it is further

ORDERED that the parties will submit a proposed scheduling order pursuant to USCIT R. 16, within 60 days from the date of this order, that limits the time for submission of the test case for final disposition.

## SCHEDULE A

| Calendar | Plaintiff | Court No. |
|---|---|---|
| March 1992 Reserve | A.T. Clayton & Co., Inc. | 91–03–00230 |
| March 1992 Reserve | A.T. Clayton & Co., Inc. | 91–03–00237 |
| March 1992 Reserve | A.T. Clayton & Co., Inc. | 91–03–00238 |
| March 1992 Reserve | A.T. Clayton & Co., Inc. | 91–03–00239 |

## SCHEDULE B

| Calendar | Plaintiff | Court No. |
|---|---|---|
| August 1992 Reserve | A.T. Clayton & Co., Inc. | 90–08–00398 |
| October 1992 Reserve | A.T. Clayton & Co., Inc. | 90–10–00539 |
| October 1992 Reserve | A.T. Clayton & Co., Inc. | 90–11–00590 |
| June 1992 Reserve | A.T. Clayton & Co., Inc. | 90–12–00683 |
| June 1992 Reserve | A.T. Clayton & Co., Inc. | 90–12–00685 |
| September 1992 Reserve | A.T. Clayton & Co., Inc. | 91–09–00679 |
| September 1992 Reserve | A.T. Clayton & Co., Inc. | 91–09–00710 |
| March 1993 Reserve | A.T. Clayton & Co., Inc. | 92–03–00153 |