JUNIOR GALLERY, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 84–02–00271, etc., per attached schedule

JUNIOR PORTRAIT, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 84–03–00427, etc., per attached schedule

MISS GALLERY, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 84–08–01143, etc., per attached schedule

YOUNG GALLERY, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 84–08–01147, etc., per attached schedule

(Dated August 13, 1992)

*Barnes, Richardson & Colburn,* (*Sandra Liss Friedman*) for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-In-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Nancy M. Frieden*) for defendant.

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

MUSGRAVE, *Judge*: Plaintiff moves to consolidate cases formerly suspended under *One Up Fashions v. United States*, Court No. 87–03–00509, which was settled on an agreed statement of facts (judgment entered April 23, 1990). Defendant moves to designate several new cases, captioned above, as test cases. The Court finds that in the interest of a "just, speedy, and inexpensive determination" of these cases, consolidation is in order. USCIT Rule 1.

### DISCUSSION

Rule 42(a) of this Court provides that cases may be consolidated when actions involving a common question of law or fact are pending before the court. USCIT Rule 42(a). Since the majority of these cases were previously suspended under the test case *One Up Fashions*, it is clear that they all have the same question of law or fact in common. The cases all concern whether various raincoats, winter coats and other outerwear are properly classified under item 356.76, TSUS. While all the cases deal with outerwear garments, seven fabrics are involved, but no single case involves all of the disputed fabrics. Almost all issues concerning classification have been agreed to by the parties or decided by the Court in prior test cases. As stated by plaintiff, the remaining question is, "[d]oes the coating visibly and significantly affect the surface of the fabric?" Plaintiffs Response in Opposition to Defendant's Motion for Test Case Designation ("Plaintiffs Response"), at 2.

Two recent cases before the Court discussed test case designation and consolidation. In *Generra Sportswear, Inc. v. United States*, 16 CIT 313, Slip Op. 92–62 (April 28, 1992), the Court severed an action, designated it a test case and suspended 36 actions under it. The Court compared test case designation and consolidation:

> Both consolidation and the test case/suspension procedures serve to achieve economies of time, effort and expense, and to promote uniformity of decisions. The two procedures, however, differ in several material respects. With consolidation, the various actions with the common question of law or fact are merged into a single consolidated action. Thus, the final decision in the consolidated action has binding legal effect on all the merged actions. On the other hand, in the test case/suspension procedure, the test case and the suspended actions maintain their separate identities. The result is that the final decision in the test case is not necessarily legally binding on the suspended actions.

*Generra Sportswear*, 16 CIT at 314, Slip Op. 92–62 at 4.

The present cases differ from *Generra* primarily in the fact that in *Generra*, plaintiff asked for test case designation and the government did not object. In this case, plaintiff requests consolidation, while the government argues that a test case designation would be more appropriate. In addition, the factual issues to be decided in *Generra* were apparently more complex: three factual scenarios were common to all the

cases, but each would have had different consequences on the outcome of the suspended cases. Because in this case a single discreet factual issue needs to be decided, varying only in the type of garment involved, test case designation is not preferable to consolidation. The Court, or the parties if they decide to settle these cases, needs to decide whether certain fabric treatments "visibly affect" the outer surface of the garments. Because of the similarity of the fabrics involved, the same witnesses and the same tests could be used *seriatim* to decide the issue for each fabric. *See*, Plaintiffs Motion for Consolidation or, Alternatively, for Joint Trial, at 1. In *Generra*, the factual issues were not so similar between the cases. Each different scenario involved imports from different countries, with different ramifications on the outcome of the case depending on the resolution of the issue particular to imports from that country.

The second recent case concerning consolidation was *Peg Bandage, Inc. v. United States*, 16 CIT 319, Slip Op. 92–63 (May 5, 1992). In that case, the Court decided *sua sponte*, with the parties' consent, to consolidate a test case with two cases suspended under it. The main issue there concerned the classification of bandages made in the United States but processed in Haiti and reimported. Plaintiff filed similar complaints in each of the actions which alleged the same classification, but for subsequent entries. In the cases at bar, plaintiff has filed similar complaints, arguing for the same classification, and the government has responded with boilerplate answers arguing to uphold the initial classification.

In *Peg Bandage*, the Court proposed consolidating the cases, but there was no response from the parties.

*Peg Bandage* noted that "when actions involving a common question of law or fact are pending before the Court, the Court may determine which procedure — consolidation or test-case/suspension — will best avoid unnecessary costs or delays." *Peg Bandage*, 16 CIT at 321, Slip Op. 92–63 at 4. Although the Court cautioned against consolidating numerous cases resulting in "'an unwieldy and chaotic proceeding,'"(*Morey Machinery Co. v. United States*, 69 Cust. Ct. 303, 305, 349 F. Supp. 1017 (1972), *cited by Peg Bandage*, 16 CIT at 321, Slip Op. 92–63 at 4–5) or one that would "complicate discovery, make trial preparation overly burdensome and strain the Court's judicial resources with a trial of several month's duration," (*Generra Sportswear*, 16 CIT at 317, Slip Op. 92–62 at 8, *cited by Peg Bandage*, 16 CIT at 321, Slip Op. 92–63 at 5) the Court does not believe that such concerns are well-founded in this case.

Government counsel, Customs officials and plaintiff's counsel have been handling these cases for several years. The Court has expertise and caselaw applicable to the factual question which must be decided. In addition, the question to be decided is a narrow one, which all the parties have treated before. The Court sees no reason why these cases, all related intimately, cannot be treated as one, admittedly large, case, to be tried or settled in one fell swoop. The Court is led to this conclusion by

the prior history of most of these cases, both administratively and before the Court.

When the test case under which these cases were previously suspended was settled, these cases should also have settled. However, rather than use the test case procedure to facilitate the disposition of the suspended cases, the government decided to go over each case in detail, to question issues that had already been agreed on by the parties and to force plaintiffs to provide information they had already submitted. As plaintiff now argues, "[i]f the government were allowed to proceed with a test case, none of the cases suspended thereunder would necessarily be decided in accordance with the test case and plaintiff could still be faced with proving the same case again and again." Plaintiff's Response, at 3. It is the Court's experience, in light of the fact that plaintiff has had to relitigate some of these formerly suspended cases twice, that plaintiff would likely be forced to retry the proposed suspended cases if a third test case is designated.

Therefore, the Court is reluctant to suspend these cases once again. "The purpose of suspension is not to create a reservoir of future litigation or to preserve actions for last-minute revivals. Its purpose is to encourage disposition in accordance with the test case." *Intercontinental Fibers, Inc. v. United States*, 2 CIT 133, 135 (1981) *cited by Generra Sportswear, Inc. v. United States*, 16 CIT 313, Slip Op. 92–62 at 5. In these cases, the Court does not believe that suspension would aid in the conclusive determination of the cases to be suspended, based on the Court's prior experience. *See, H. H. Elder & Co. v. United States*, 69 Cust. Ct. 344, 345, C.R.D. 72–28 (1972). Because the cases would all be conclusively decided if consolidated, consolidation is the more efficient method of disposal. Plaintiff's motion for consolidation is hereby granted and the government's motion to designate as a test case is denied. The cases listed on the attached Schedule shall be consolidated under *Junior Gallery, Ltd. v. United States*, Court No. 84–02–00271.

[Schedule of cases to be consolidated attached:]

## SCHEDULE OF CASES TO BE CONSOLIDATED

| Court No. | Plaintiff | Court No. | Plaintiff |
|---|---|---|---|
| 84–02–00271** | Junior Gallery, Ltd. | 88–03–00225 | Junior Portrait, Ltd. |
| 84–05–00628 | Junior Gallery, Ltd. | 88–07–00511 | Junior Portrait, Ltd. |
| 84–09–01324 | Junior Gallery, Ltd. | 88–07–00512 | Junior Portrait, Ltd. |
| 84–11–01636 | Junior Gallery, Ltd. | 88–08–00623 | Junior Portrait, Ltd. |
| 85–01–00158 | Junior Gallery, Ltd. | 88–12–00932 | Junior Portrait, Ltd. |
| 85–02–00257 | Junior Gallery, Ltd. | 89–07–00388* | Junior Portrait, Ltd. |
| 85–03–00427 | Junior Gallery, Ltd. | 90–01–00030* | Junior Portrait, Ltd. |
| 85–08–01007 | Junior Gallery, Ltd. | 90–12–00692* | Junior Portrait, Ltd. |
| 85–11–01626 | Junior Gallery, Ltd. | 84–08–01143 | Miss Gallery, Ltd. |
| 86–01–00051 | Junior Gallery, Ltd. | 84–12–01774 | Miss Gallery, Ltd. |
| 86–05–00660 | Junior Gallery, Ltd. | 85–09–01223 | Miss Gallery, Ltd. |
| 86–07–00952 | Junior Gallery, Ltd. | 86–03–00289 | Miss Gallery, Ltd. |
| 86–09–01097 | Junior Gallery, Ltd. | 86–08–01013 | Miss Gallery, Ltd. |
| 87–01–00024 | Junior Gallery, Ltd. | 86–09–01187 | Miss Gallery, Ltd. |
| 87–04–00604 | Junior Gallery, Ltd. | 87–01–00116 | Miss Gallery, Ltd. |
| 87–05–00644 | Junior Gallery, Ltd. | 87–08–00856 | Miss Gallery, Ltd. |
| 87–06–00713 | Junior Gallery, Ltd. | 88–02–00108 | Miss Gallery, Ltd. |
| 87–08–00839 | Junior Gallery, Ltd. | 88–07–00544 | Miss Gallery, Ltd. |
| 87–11–01108 | Junior Gallery, Ltd. | 88–08–00621 | Miss Gallery, Ltd. |
| 87–12–01187 | Junior Gallery, Ltd. | 88–12–00934 | Miss Gallery, Ltd. |
| 88–04–00262 | Junior Gallery, Ltd. | 89–03–00115 | Miss Gallery, Ltd. |
| 88–08–00618 | Junior Gallery, Ltd. | 89–10–00554* | Miss Gallery, Ltd. |
| 88–12–00933 | Junior Gallery, Ltd. | 90–07–00333* | Miss Gallery, Ltd. |
| 89–03–00112 | Junior Gallery, Ltd. | 90–09–00486* | Miss Gallery, Ltd. |
| 89–07–00392 | Junior Gallery, Ltd. | 90–12–00691* | Miss Gallery, Ltd. |
| 89–09–00509 | Junior Gallery, Ltd. | 84–08–01147** | Young Gallery, Ltd. |
| 89–12–00672 | Junior Gallery, Ltd. | 84–12–01799 | Young Gallery, Ltd. |
| 90–05–00261* | Junior Gallery, Ltd. | 85–02–00260 | Young Gallery, Ltd. |
| 90–12–00690* | Junior Gallery, Ltd. | 85–06–00758 | Young Gallery, Ltd. |
| 84–03–00427 | Junior Portrait, Ltd. | 85–08–01115 | Young Gallery, Ltd. |
| 84–08–01145 | Junior Portrait, Ltd. | 85–10–01503 | Young Gallery, Ltd. |
| 84–12–01754 | Junior Portrait, Ltd. | 85–11–01625 | Young Gallery, Ltd. |
| 85–03–00366 | Junior Portrait, Ltd. | 86–07–00955 | Young Gallery, Ltd. |
| 85–05–00681 | Junior Portrait, Ltd. | 86–09–01188 | Young Gallery, Ltd. |
| 85–09–01232 | Junior Portrait, Ltd. | 87–01–00119 | Young Gallery, Ltd. |
| 85–11–01685 | Junior Portrait, Ltd. | 87–03–00501 | Young Gallery, Ltd. |
| 86–04–00506 | Junior Portrait, Ltd. | 87–06–00716 | Young Gallery, Ltd. |
| 86–05–00625 | Junior Portrait, Ltd. | 87–07–00787 | Young Gallery, Ltd. |
| 86–05–00626 | Junior Portrait, Ltd. | 87–08–00855 | Young Gallery, Ltd. |
| 86–07–00884 | Junior Portrait, Ltd. | 87–11–01109 | Young Gallery, Ltd. |
| 86–07–00951 | Junior Portrait, Ltd. | 88–02–00080 | Young Gallery, Ltd. |
| 86–09–01235 | Junior Portrait, Ltd. | 88–05–00358 | Young Gallery, Ltd. |
| 86–11–01459 | Junior Portrait, Ltd. | 88–06–00456 | Young Gallery, Ltd. |
| 87–01–00057 | Junior Portrait, Ltd. | 88–07–00513 | Young Gallery, Ltd. |
| 87–06–00707 | Junior Portrait, Ltd. | 88–08–00617 | Young Gallery, Ltd. |
| 87–11–01064 | Junior Portrait, Ltd. | 88–08–00644 | Young Gallery, Ltd. |
| 88–02–00113 | Junior Portrait, Ltd. | 88–12–00936 | Young Gallery, Ltd. |
|  |  | 90–01–00031* | Young Gallery, Ltd. |

*Cases which have not been assigned, but which shall also be consolidated.
**Cases which were omitted from Plaintiff's schedule, but which shall also be consolidated.